Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

5:16-CV-685-0c-10 PRL

| United States District Court | District Middle Dist. of Florida |
|---|---|
| Name: David Johnson — | Case No.: 5:06-CF-29-0c-10GRJ. |
| Place of Confinement: USP Beaumont | Prisoner No.: 26503-18 |

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| v. | David Johnson |

CLERK, US DISTRICT
MIDDLE DISTRICT
OCALA FLOR...

2016 NOV 28

FILED

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court Middle District of Florida, Ocala Division, 207 N.W. 2nd ST. Rm. 337, Ocala, FL 34475-6666

    (b) Criminal docket number (if you know): 5:06-cr-00029-WTH-TBS-3

2.  Date of the judgment of conviction: 1/26/2007

3.  Length of sentence: Life

4.  Nature of crime (all counts): Conspiracy to Dist 5 Kilograms or more Cocaine and 50 grams or more Cocaine Base

5.  (a) What was your plea? (Check one)

    (1)  Not guilty • •

    (2)  Guilty • •

    (3)  Nolo contendere (no contest) • •

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6.  Kind of trial: (Check one)

(Jury) • Judge only • •

7. Did you testify at the trial?

Yes • • (No) • •

8. Did you appeal from the judgment of conviction?

(Yes) • No • •

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the 11th Cir.

(b) Docket number (if you know): _____

(c) Result: Affirmed

(d) Date of result (if you know): January 12, 2010

(e) Citation to the case (if you know): _____

(f) Grounds raised: 1)Alleged Inadequacy of Proof of Sngle Conspiracy, 2) Alleged Error in Comment on Benn's Right to Remain Silent (3) Alleged Error in Preclusion of Cross-examination of Government Witnesses on Factual Bases in their Plea Agreements (4) Alleged Prosecutorial Misconduct in Eliciting Testimony About Threats (5) (6) Alleged Sentencing Errors (7) Government's Allegation of Sentencing Error

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes • • (No) • •

If "Yes," answer the following:

(1) Docket number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

(Yes) • • No • •

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: United States District Court

(2) Docket number (if you know): 5:17-cv-59-Oc-10TBS

(3) Nature of the proceeding: 2255

(4) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, application?

    Yes • •   No • •

(6) Result: _Procedurely Time-barred_____

(7) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket number (if you know): _____

(3) Nature of the proceeding: _____

(4) Grounds raised: _____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes • •   No • •

(6) Result: _____

(7) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes • •   No • •

(2) Second petition:    Yes • •   No • •

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state <u>briefly</u> every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the <u>facts</u> supporting each ground.

<u>CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, <u>you should raise in this motion all available grounds</u> (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- Conviction obtained by a violation of the privilege against self-incrimination.
- Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- Denial of effective assistance of counsel.
- Denial of right of appeal.

<u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

**GROUND ONE:** Movant's conviction for Simple Possession of a controlled substance, does not qualify as a Prior "Felony Drug Offense" under 802(44)

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

See memorandum of law in support

(b)  Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • (No) • •

(2) If you did not raise this issue in your direct appeal, briefly explain why: Was not available at the time

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • (No) • •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • •

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

**GROUND TWO:** Movant's First Prior Conviction for Simple Possession under Fla. Stat. 893.136(A) is not punishable as a Felony under Federal law.

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

See memoradum of law in support

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes • • (No) • •

(2) If you did not raise this issue in your direct appeal, briefly explain why: Was not aval at the time

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes • • (No) •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes • • No • • •

(4) Did you appeal from the denial of your motion, petition, or application?
Yes • • No • • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes • • No • •

    (2) If you did not raise this issue in your direct appeal, briefly explain why: _____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes • • No • •

    (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

    Yes • • No • •

    (4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • •

(2) If you did <u>not</u> raise this issue in your direct appeal, briefly explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No • •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes · · No · ·

(4) Did you appeal from the denial of your motion, petition, or application?

Yes · · No · ·

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes · · No · ·

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

13. Is there any ground in this motion that has <u>not</u> been presented in some federal court?  If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?          Yes · · No · ·

If "Yes," state the name and  location of the court, the case number, the type of proceeding, and the issues raised. _____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: Edwin R. Ivy, II – Law Office of Edwin R. Ivy II
P.O. Box 3223 Orlando, FL 32802-3223

(c) At trial: Same as above

(d) At sentencing: Same as above

(e) On appeal: Mark J. O'Brien – O'Brien Hatfield, PA Suite 330
511 W Bay St. Tampa, FL 33606-3533

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes • (No) • •

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes • (No) • •

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes • (No) • •

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2255 does not bar your motion.*

Please see Memorandum of Law in Support

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

November, 20, 2016 _____ (month, date, year).

Executed (signed) on   11/20·/16 _____ (date).

_David Johnson_

Signature of Movant (required)

* * * * *

## Model Form for Use in 28 U.S.C. § 2255 Cases
## Involving a Rule 9 Issue (Abrogated)

[The advisory committee is developing a new form that
makes extensive revisions to the existing form.]

IN THE
UNITED STATES DISTRCIT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
          Respondent,

v.                                          Civ. No. _____

DAVID JOHNSON,
          Movant,
_____

Memorandum of Law in Support of Motion to Vacate,
Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

FILED
2016 NOV 28 AM 11: 16
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF
OCALA FLORIDA

     Now comes David Johnson, proceeding Pro Se, respectfully submits
this memorandum of law along with his motion to vacate, set aside, or
correct sentence pursuant to 28 U.S.C. § 2255. David Johnson, hereinafter
"Movant," claims he is actually innocent of violating Title 21 U.S.C. §
841(a)(1), (b)(1)(A) after having sustained two "felony drug convictions"
as defined in 21 U.S.C. § 802(44). Additionally, Movant claims the United
States District Court committed a substantial error when it erroneously
relied on a Florida State conviction for simple possession of a controlled
substance to impose a statutory minimum sentence of life imprisonment.
Movant claims this error resulted in a complete fundamental miscarriage
of justice becasue it exposed Movant to a statutory penalty that the law
cannot impose upon him.

                    Standard of Review

     Movant is unskilled in the law and respectfully request a liberal
construction of his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21, 92
S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Cambell v. Air Jam Ltd., 760
F.3d 1165, 1168 (11th Cir., 2014).

### Cognizable Claims

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without [authority] to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255(a).

Section 2255 defines cognizable claims broadly to include claims that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such an infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. This language defines four broad categories of cognizable claims: (1) the court that rendered the criminal judgment lacked either personal or subject matter jurisdiction, see United States v. Harper, 901 F.2d 471, 472-73 (5th Cir., 1990)(notwithstanding guilty plea and notwithstanding that issue was raised for first time in post-conviction proceeding, indictment's failure to charge offense was properly raised in § 2255 motion because alleged error is one that divest sentencing court of jurisdiction); (2) the conviction or sentence is unconstitutional, see Shukwit v. United States, 973 F.2d 903, 904 (11th Cir., 1992)(Prisoner may attack his or her sentence pursuant to 28 U.S.C. § 2255 on the ground that the sentence was imposed in violation of the Constitution or Laws of the United States; due process claim that sentence was based in part on false information ...

is cognizable in section 2255 proceedings); (3) the conviction or sentence violates other federal law, see Peguero v. United Sates, 526 U.S. 23, 24 (1999)(district court's failure to advise a defendant of his right to appeal as required by Fed. R. Crim. P. 32(a)(2) can provide a basis for collateral relief under § 2255, but only if movant suffered ... prejudice from the omission); and (4) the sentence or judgment is otherwise open to collateral attack because it results in a fundamental defect which inherently results in a complete miscarriage of justice.

The two latter categories are confined to errors that amount to violation of the Constitution, or "a fundamental defect which inherently result in a complete miscarriage of justice," or "an omission inconsistent with rudimentary demands of fair procedure," see Hill v. United States, 368 U.S. 424, 428 (1962); Accord e.g. Reed v. Farley, 512 U.S. 339, 350, 354 (1994)(in both sections 2254 and 2255 proceedings, [n]on-constitutional claims ... can be raised on collateral review only if the alleged error constituted a "fundamental defect which inherently resulted in a complete miscarriage of justice," or "if alleged error produced a proceeding [that] is inconsistent with the rudimentary demands of fair procedure.").

Accordingly, 28 U.S.C. § 2255 is a flexible remedy from which this Honorable Court may grant relief. Specifically, the statute provides that upon finding for the movant, the court shall vacate, and set aside the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. See 28 U.S.C. § 2255.

Movant's conviction for Simple Possession of a Controlled
Substance in the State of Florida does not Qualify as a
Prior "Felony Drug Offense" Under 21 U.S.C. § 802(44)

Movant was convicted on December 17, 1996, for simple possession
of a controlled substance under Fla. Stat. § 893.13(6)(A). In Heggs v.
State, 759 So. 2d 620 (Fla. 2000), the Florida Supreme Court invalidated
Florida's 1995 Sentencing Guidelines. See Heggs, 759 So. 2d at 630-31.
In accordance with the Florida Supreme Court's holding in Heggs, individual's
who committed crimes between October 1, 1995 and May 24, 1997, were re-
sentenced under Florida's 1994 Sentencing Guidelines. See Trapp v. State.
760 So. 2d 924, 928 (Fla. 2000) cf. Poole v. State, 968 So. 2d 82, 83
(Fla. 5th DCA 2007)(Based upon the date of his offense, Poole fell within
the Heggs window and was sentenced under the 1994 Guidelines (footnote
omitted)).[1]

The 1994 Florida Guidelines were mandatory. Specifically, the 1994
Sentencing Guidelines provided that: "[s]entences imposed by trial court
judges under the 1994 revised sentencing guidelines on or after January
1, 1994, must be within the 1994 guidelines unless there is a departure
sentence with written findings," Fla. Stat. 921.001(5)(1994). Moreover,
the Supreme Court of the United States has already made clear that the
Florida Sentencing Guidelines are "law enacted by the Florida legislature,
and have the force and effect of law," they do not simply provide flexible
guidepost for use in the exercise of discretion: instead, they create a
high hurdle that must be cleared before discretion can be exercised; so

1. Filed 3.800 (a) to Orange County, FL. on 10/17/2006.

that a sentencing judge may impose a departure sentence only after first finding clear and convincing reasons that are credible, proven beyond a reasonable doubt, and not ... a factor which has already been weighed in arriving at a presumptive sentence...." See Miller v. Florida, 482 U.S. 423, 435, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987).

Here, Movant scored a Total Sentence Points of 22 under the Florida 1995 Sentencing Guideline Scoresheet. The Sentencing Guideline Scoresheet provides that: "40 or less total sentence points **mandates a non State Prison Sentence.** See Sentencing Guideline Scoresheet (Attached herewith).

It is clear from the recored the Florida State Trial Judge did not find any clear and convincing reasons that were credible, proven beyond a reasonable doubt, ... which were not weighed in arriving at a presumptive sentence. It is equally clear Movant did not admit any such factors. Accordingly, based on Florida's legislative law, the Florida State Judge was prohibited from exercising discretion or imposing a sentence higher that one fixed by the Guidelines. See Fla. Stat. 921.001(5)(1994).

Movant was sentenced to a mandated non State Prison sanction for a first-time possession of a controlled substance (non aggravated). Thus, under the then Florida structured sentencing scheme, Movant's first-time possession of a controlled substance, did not authorized a maximum term of imprisonment exceeding one year. Accordingly, it is indisputable that Movant does not meet the requirements for an enhancement under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 802(44), which requires a statutory minimum of life imprisonment.

Movant's First Prior Conviction for Simple Possession
of a Controlled Substance Under Fla. Stat. 893.13(6)(A)
is Not Punishable as a Feloney Under Federal Law

Movant asserts that not only is his prior conviction for simple possession of a controlled substance under Fla. Stat. 893.13(6)(A) not punishable by a term of imprisonment exceeding one year under State law; his prior conviction for simple possession is not punishable as a felony under federal law. The Supreme Court of the United Sates made clear that a State offense constitutes a "felony punishable under the Controlled Substance Act" only if it proscribes conduct punishable as a felony under that federal law. See Lopez v. Gonzales, 549 U.S. 47, 56, 127 S. Ct. 625, 166 L. Ed. 2d 462 (2006). In other words, unless a State offense is punishable as a federal felony it does not count.

Here, Movant's prior conviction was a first-time simple possession of a controlled substance. Pursuant to the facts established on the record, Movant's prior conviction constitutes a violation of federal law under 21 U.S.C. § 844(a). A first-time violation of 21 U.S.C. § 844(a), -- Simple possession under federal law -- is punishable only as a federal misdemeanor. See Smith v. Gonzales, 468 F.3d 272, 276-77 (5th Cir., 2006); see also 21 U.S.C. § 844(a). Thus, it is clear Movant's prior conviction for simple possession under Fla. Stat. 893.13(6)(A) does not constitute a felony under federal law.

Movant has demonstrated the District Court erroneously allocated Movant's prior conviction for simple possession of a controlled substance under Fla. Stat. 893.13(6)(A) as a felony punishable under the Controlled Substances Act. Moreover, the District Court erroneously used this prior

conviction for simple possession of a controlled substance to impose a statutory minimum sentence of life imprisonment.

It will undoubtedly result in a complete fundamental miscarriage of justice if Movant was compelled to serve a statutory minimum sentence of life imprisonment for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) after having sustained two prior "felony drug convictions," when Movant's underlying criminal conduct does not meet the federal requirements necessary to be convicted of a repetitive offense punishable by a statutory minimum sentence of life imprisonment.

## In Conclusion

Movant asserts he has established a prima facie showing of a fundamental error which inherently resulted in a complete miscarriage of justice. Specifically, Movant has demonstrated that his prior conviction under Fla. Stat. 893.13(6)(A), for simple possession of a controlled substance is not punishable as a "felony drug conviction" under State law or federal law. It is therefore respectfully requested this Honorable Court vacate, set aside, or correct the Judgment. Alternatively, it is requested this Honorable Court grant any other relief the Court may deem appropriate.

## Procedural Defualts Should Be Excused

Movant claims any procedural defaults should be excused because He is actually innocent of having two prior "felony drug convictions" necessary to subject him to a Statutory minimum sentence of life. The Supreme Court of the United States has held that when a "defendant is

given a higher sentence under a recidivism statute," his sentence "is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." See United States v. Rodriquez, 553 U.S. 377, 386, 128 S. Ct. 1783, 170 L. Ed. 2d 719 (2008) (emphasis added). In other words, repetition transforms the underlying criminal conduct into an aggravated, different "offense." A first-time offender does not commit such an aggravated, repetitive offense; he therefore cannot be convicted of any offense "punishable" by a term of imprisonment reserved for repeat offenders. Here, Movant's conviction was for a first-time violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Accordingly, Movant's conduct was not punishable by a statutory minimum term of life imprisonment, which is reserved for repeat offenders.

As in the Capital habeas context where an exception is made for otherwise procedurally barred claims where the petitioner asserts that he is "actually innocent" of the aggravating factors that permit the imposition of a capital sentence, Sawyer v. Whitley, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992), Movant claims he is "actually innocent" of the aggravating factors -- i.e., two prior 'felony drug convictions'-- that permit enhancement of his sentence under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 802(44) of the Controlled Substance Act (CSA).

Movant asserts that several circuits have embraced this analogy and extended the "actual innocence exception" to non-capital sentences, finding "little difference between holding that the defendant can be innocent of the acts required to enhance a sentence in a death case and applying aparallel rational in non-capital cases. See United States v. Maybeck, 23 F.3d 888 (4th Cir., 1994)("application of 'actual innocence' exception to aggravating factors of a capital sentencing case is func-

tionally equivalent to application of exception to aggravating factors enhancing a non-capital sentence"); United States v. Mikalajunas, 186 F. 3d 490 (4th Cir., 1999)("limiting application of 'actual innocence exception' to habitual or career offender classification"); Spence v Superintendent, Great Meadow Correctional Facility, 219 F.3d 162 (2d Cir., 2000) (where habeas petitioner is actually innocent of conduct on which his sentence is based, incarceration is fundamentally unjust and miscarriage of justice exception toprocedural default rules applies); and Haley v. Cockrell, 306 F.3d 257, 265 (5th Cir., 2002)(assertion of actual innocence permit review of otherwise procedurally barred sentencing claims in career offender context because "fundamental purpose" of habeas corpus is to see that constitutional errors do not result in ["a fundamental miscarriage of Justice"]).

Additionally, collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); see also Richards v. United States, 837 F. 2d 965, 966 (11th Cir., 1988) (relief under § 2255 "reserved for transgressions of constitutional rights and for that narrow compas in such cases and was intended to confer no broader right of attack than might have been in its absence by habeas corpus. See Masi v. United States, 233 F.2d 132,134 (5th Cir., 1955) (citing Taylor v. United States, 177 F.2d 194, 195 (4th Cir., 1949).

Moreover, The United States Department of Justice has determined that in cases, such as this one, in which predicate felonies underlying federal criminal charges do not meet the standards set forth in United States v. Simmons, 649 F.3d 237 (4th Cir., 2011)(i.e., where a prior

conviction did not meet the definition of a "felony drug offense" as defined by the Controlled Substance Act in 21 U.S.C. § 802(44), the Government could not rely on such a conviction to sustain an aggravated conviction), a petitioner presents a valid claim under § 2255. In these situations, the United States will accordingly, and where applicable, waive reliance on the statute of limitations defense in the inerest of justice. cf. Kiser v. Johnson, 163 F.3d 326, 328 (1999)(agreeing that the statute of limitations is an affirmative defense rather than jurisdictional). Here, Movant respectfully request the United States waive the affirmative defense of the statute of limitations in the interest of justice.

The Supreme Court has concluded that actual innocence exception should apply to avoid the fundamental miscarriage of justice which would otherwise result if Movant were forced to serve an enhanced statutory minimum of life which was not predicated on two prior felony drug convictions within the meaning of 21 U.S.C. § 802(44).

Movant asserts he has demonstrated a valid claim and has established that the statutory minimum sentence of life imprisonment imposed upon him for violating 21 U.S.C. § 841(a)(1), (b)(1)(A) after having sustained two prior felony drug convictions as defined in § 802(44) of the Controlled Substance Act does not meet the legal standard set forth in the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir., 2011)(en banc), as it relates to the two prior "felony drug convictions" in Movant's case. See 28 U.S.C. § 2255(a), (b).

### In Conclusion

Petitioner respectfully submits that this Honorable Court should reach the merits of Movant's claim and vacate Movant's sentence and

grant any other relief in favor of Movant in this matter as the Court may deem appropriate.

Respectfully submitted:

David Johnson, Pro se
# 26503-018
U.S.P. Beaumont
P.O. Box 26030
Beaumont, TX 77720

| 1. DATE OF SENTENCE | 2. PRE...D BY ☐ DC ☒ SAO | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| 01 13 98 M O D Y YR | Calvi-Pequette | Orange | Prather |

| 5. NAME (LAST, FIRST, M.I.) | 6. DOB | 7. DC# | 9. RACE | 10. GENDER |
|---|---|---|---|---|
| Johnson David a/k/a Shawn Johnson | 04 20 73 M O D Y YR | X65560 8. OBTS# 00188 37105 | ☒ B ☐ W ☐ OTH | ☒ M ☐ F 11 ☒ PLEA ☐ TRIAL |

**I.** **PRIMARY OFFENSE:** If Qualifier, please check ___A ___S ___C ___R (A= Attempt. S= Solicitation. C= Conspiracy. R=Reclassification)

| DOCKET# | FELONY DEGREE | F.S. # | OFFENSE LEVEL | OFFENSE DATE | POINTS |
|---|---|---|---|---|---|
| 96-10518 | F3 | 893.13(1)(A)(1) | 03 | 01 3 96 M O D Y YR | |

Description: Poss of Cocaine

(Level = Pts: 1=4, 2=10, 3=16, 4=22, 5=28. 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples primary offense points ☐

I. **#6**

**II.** **ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM F.S. # | OFFENSE LEVEL | QUALIFY A S C R | CNTS | POINTS |
|---|---|---|---|---|---|
| | | | ☐ | X ___ = | |
| Description: | | | | | |
| | | | ☐ | X ___ = | |
| Description: | | | | | |
| | | | ☐ | X ___ = | |

Description:

(Level = Pts: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples additional offense points ☐

Supplemental page points ___

II. ___

**III.** **VICTIM INJURY:**

| | Number | Total | | Number | Total |
|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X ___ | = ___ | Slight | 4 X ___ | = ___ |
| Death | 120 X ___ | = ___ | Sex Penetration | 80 X ___ | = ___ |
| Severe | 40 X ___ | = ___ | Sex Contact | 40 X ___ | = ___ |
| Moderate | 18 X ___ | = ___ | | | |

III. ___

**IV.** **PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S. # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUM | POINTS |
|---|---|---|---|---|---|---|
| | | | ☐☐☐☐ | | X ___ | = ___ |
| | | | ☐☐☐☐ | | X ___ | = ___ |
| | | | ☐☐☐☐ | | X ___ | = ___ |
| | | | ☐☐☐☐ | | X ___ | = ___ |
| | | | ☐☐☐☐ | | X ___ | = ___ |
| | | | ☐☐☐☐ | | X ___ | = ___ |

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ___ day of August 20 16
Tiffany Moore Russell, Clerk of the Circuit Court
By: ___ Deputy Clerk

(Level = Pts: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points ___

IV. **76**

Effective Date: For offenses committed on or after October 1, 1995

Page Subtotal **76**

DISTRIBUTION:
White (Original) / Clerk
Green / DC Data
Canary / State Attorney
Pink / Defense Attorney
Goldenrod / DC Offender File

Page 1 Subtotal _____

V. Legal Status Violation = 4 Points                                          V. _____

VI. Community Sanction Violation before the court for sentencing
   A) 6 Pts x each such successive violation OR                              VI. A. _6_
   B) New Felony Conviction = 12 Pts x each such successive violation            B. ___

VII. Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points                 VII. _____

VIII. Prior Serious Felony = 30 Pts                                          VIII. _____

                                           Subtotal Sen   Points.  _2 2_

IX. Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle |
|---|---|---|
| ☐ x 1.5  ☐ x 2.0  ☐ x 2.5 | ☐ x 1.5 | ☐ x 1.5 |

                            Enhanced Subtotal Sentence Points  IX. _____

                            TOTAL SENTENCE POINTS   2 2

## SENTENCE COMPUTATION

• 40 or less total sentence points mandates a non state prison sanction.
  Sentence points less than or equal to 40 may be increased by 15 percent.   _____ x 1.15 = _____
                                                                              Total Sentence Points        Increased Sentence Points

• If total or increased sentence points are greater than 40 or equal to 52,   _____ minus 28 = _____
  state incarceration is discretionary. A total of more than 52 total or       Total/Increased Points          State Prison Months
  increased sentence points must be a state prison sentence. A life
  sentence may be imposed at the discretion of the court if total sentence
  points are 363 or greater.

• The sentencing court may increase or decrease prison months by
  up to 25 percent except where total sentence points were originally
  increased by 15 percent to exceed 40 points. Any state prison sentence
  must exceed 12 months.                              _____   x .75 = _____
                                                      State Prison Months        Min. Prison Months
                                                                     x 1.25 = _____
                                                                                 Max. Prison Months

## TOTAL SENTENCE IMPOSED

|  | Years | Months | Days |  |
|---|---|---|---|---|
| ☐ State Prison  ☐ Life | _____ | _____ | 170 | Has more than one scoresheet |
| ☑ County Jail  ☐ Time Served | _____ | _____ |  | been used at sentencing? |
| ☐ Community Control | _____ | _____ | _____ | _____ Yes  _____ No |
| ☐ Probation | _____ | _____ | _____ |  |

• Please designate the particular type of sentence where an enhanced or mandatory sentence imposed.

☐ Habitual Felony/Habitual Violent Offender          ☐ Guideline Aggravated Departure
☐ Violent Career Criminal                            ☐ Guideline Mitigated Departure
☐ Mandatory pursuant to:   ☐ §775.087          ☐ §893.13   ☐ §893.135

**JUDGE'S SIGNATURE**  _(signature)_

ately be scored, whether committed against a single or multiple victims.

1993 Amendments. Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by chapter 777. An attempt, solicitation, or conspiracy to commit first-degree murder as defined in subsection 782.04(1)(a) shall be scored in category 1. An attempt, solicitation, or conspiracy to commit capital sexual battery as defined in subsection 794.011(2) shall be scored in category 2.

## Rule 3.702. Sentencing Guidelines (1994).

(a) **Use.** This rule is to be used in conjunction with the forms located at rule 3.990. This rule is intended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes, as revised by chapter 93–406, Laws of Florida.

(b) **Purpose and Construction.** The purpose of the 1994 revised sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.

(c) **Offense Severity Ranking.** Felony offenses subject to the 1994 revised sentencing guidelines are listed in a single offense severity ranking chart located at section 921.0012. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, commensurate with the harm or potential for harm to the community that is caused by the offense. Felony offenses not listed in section 921.0012 are to be assigned a severity level as described in section 921.0013.

(d) **General Rules and Definitions.**

(1) A comprehensive guidelines scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing, including offenses for which the defendant has been adjudicated an habitual felony offender or an habitual violent felony offender. The office of the state attorney or the probation services office, or both where appropriate, will prepare the scoresheets and present them to defense counsel for review as to accuracy. Where the defendant is alleged to have violated probation or community control and probation services will recommend revocation, probation services shall prepare a comprehensive guidelines scoresheet for use at sentencing after revocation of probation or community control. The sentencing judge shall review the scoresheet for accuracy.

(2) "Conviction" means a determination of guilt resulting from plea or trial, regardless of whether adju-

dication was withheld or whether imposition of sentence was suspended.

(3) "Primary offense" is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.

(4) "Additional offense" is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level. Misdemeanors are scored at level "M" regardless of degree.

(5) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. If an offense pending before the court for sentencing involves sexual penetration, victim injury is to be scored. If an offense pending before the court involves sexual contact, but no penetration, victim injury shall be scored. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored separately and in addition to any points scored for the sexual contact or sexual penetration.

Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, if the victim injury is the result of a crime of which the defendant has been acquitted, it shall not be scored.

(6) Attempts, conspiracies, and solicitations charged under chapter 777 are scored at severity levels below the level at which the completed offense is located. Attempts and solicitations are scored 2 severity levels below the completed offense. Criminal conspiracies are scored 1 severity level below the completed offense.

(7) "Total offense score" results from adding the sentence points for primary offense, additional offense, and victim injury.

(8) "Prior record" refers to any conviction for an offense committed by the defendant prior to the commission of the primary offense. Prior record shall include convictions for offenses committed by the defendant as an adult or as a juvenile, convictions in federal, out-of-state, military, or foreign courts, and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out-of-state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.

(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the defendant has not been convicted of any other crime for a period of 10 consecutive years from

392

most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.

(B) Juvenile dispositions of offenses committed by the defendant within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the defendant more than 3 years prior to the date of the primary offense are to be scored as prior record if the defendant has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of commission of the primary offense.

(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction shall not be scored. Criminal history records expunged or sealed under section 943.058 or other provisions of law, including former sections 893.14 and 901.33, shall be scored as prior record where the defendant whose record has been expunged or sealed is before the court for sentencing.

(D) Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record shall be resolved by the sentencing judge.

(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.

(9) "Legal status violations" occur when a defendant, while under any of the forms of legal status listed in subsection 921.0011(3), commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.

(10) "Release program violations" occur when the defendant is found to have violated a condition of a release program designated in subsection 921.0011(6). Six points shall be assessed for each violation up to a maximum of 18 points in the case of multiple violations. Where there are multiple violations, points in excess of 6 may be assessed only for each successive violation that follows the reinstatement or modification of the release program and are not to be assessed for

violation of several conditions of a single release program order.

(11) "Total prior record score" results from adding sentence points for prior record, legal status violations, and release program violations.

(12) Possession of a firearm, destructive device, semiautomatic weapon, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6) or a destructive device as defined in subsection 790.001(4). Twenty-five sentence points shall be assessed where the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a semiautomatic weapon as defined in subsection 775.087(2) or a machine gun as defined in subsection 790.001(9).

(13) "Subtotal sentence points" result from adding the total offense score, the total prior record score, and any additional points for possession of a firearm, destructive device, semiautomatic weapon, or machine gun.

(14) If the primary offense is drug trafficking under section 893.135, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5. If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), (3), (4), or (5), the subtotal sentence points shall be multiplied by a factor of 2. If the primary offense is a violation of subsection 775.087(2)(a)2 or subsections 775.0823(6) or (7), the subtotal sentence points shall be multiplied by a factor of 1.5. If both enhancements are applicable, only the enhancement with the higher multiplier is to be used.

(15) "Total sentence points" result from the enhancement, if applicable, of the subtotal sentence points. If no enhancement is applicable, the subtotal sentence points are the total sentence points.

(16) "Presumptive sentence" is determined by the total sentence points. If the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15 percent to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.

A state prison sentence is calculated by deducting 28 points from the total sentence points where total

393

sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25 percent at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence. The sentence imposed must be entered on the scoresheet.

(17) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.

(18) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25 percent, a state prison sentence where the total sentence points are equal to or less than 40, or a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.

(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 15 days of the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 15 days of the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.

(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).

(19) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.

If a split sentence is imposed, the incarcerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the total provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.

(20) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.

Added Nov. 30, 1993, effective Jan. 1, 1994 (628 So.2d 10). Amended April 2, 1998 (711 So.2d 27).

### Committee Notes

**1993 Adoption.** (d)(1) If sentences are imposed under section 775.084 and the sentencing guidelines, a scoresheet listing only those offenses sentenced under the sentencing guidelines must be prepared and utilized in lieu of the comprehensive scoresheet.

Due to ethical considerations, defense counsel may not be compelled to submit or sign a scoresheet.

(d)(3) The primary offense need not be the highest ranked offense pending for sentencing where scoring the less severe offense as the primary offense will result in higher total sentence points. This can occur where the multipliers for drug trafficking or violations of the Law Enforcement Protection Act are applied or where past convictions can be included as prior record that could not be scored if the offense ranked at a higher severity level was the primary offense.

(d)(16) The presumptive sentence is assumed to be appropriate for the composite score of the defendant. Where the total sentence points do not exceed 40, the court has the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition. Any sentence may include a requirement that a fine be paid.

### Rule 3.703. Sentencing Guidelines (1994 amended)

(a) **Use.** This rule is to be used in conjunction with the forms located at rule 3.991. This rule implements the 1994 sentencing guidelines, as amended, in accordance with chapter 921, Florida Statutes. This rule applies to offenses committed on or after October 1, 1995, or as otherwise indicated.

(b) **Purpose and Construction.** The purpose of the 1994 sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing

SENTENCE

idelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.

(c) **Offense Severity Ranking.**

(1) Felony offenses subject to the 1994 sentencing guidelines, as amended, are listed in a single offense severity ranking chart located at section 921.0012. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, commensurate with the harm or potential for harm to the community that is caused by the offense. The numerical statutory reference in the left column of the chart and the felony degree designations in the middle column of the chart determine whether felony offenses are specifically listed in the offense severity ranking chart and the appropriate severity level. The language in the right column is merely descriptive.

(2) Felony offenses not listed in section 921.0012 are to be assigned a severity level in accordance with section 921.0013, as follows:

(A) A felony of the third degree within offense level 1.

(B) A felony of the second degree within offense level 4.

(C) A felony of the first degree within offense level 7.

(D) A felony of the first degree punishable by life within offense level 9.

(E) A life felony within offense level 10.

An offense does not become unlisted and subject to the provisions of section 921.0013, because of a reclassification of the degree of felony pursuant to section 775.0845, section 775.087, section 775.0875 or section 794.023.

(d) **General Rules and Definitions.**

(1) One or more sentencing guidelines scoresheets shall be prepared for each offender covering all offenses pending before the court for sentencing, including offenses for which the offender has been adjudicated an habitual felony offender, an habitual violent felony offender or violent career criminal. The office of the state attorney or the Department of Corrections, or both where appropriate, will prepare the scoresheets and present them to defense counsel for review as to accuracy. The Department of Corrections shall prepare sentencing guidelines scoresheets if the offender is alleged to have violated probation or community control and revocation is recommended.

(2) One scoresheet shall be prepared for all offenses committed under any single version or revision of the guidelines, pending before the court for sentencing.

(3) If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentences concurrently or consecutively.

(4) The sentencing judge shall review the scoresheet for accuracy and sign it.

(5) Felonies, except capital felonies, with continuing dates of enterprise are to be sentenced under the guidelines in effect on the beginning date of the criminal activity.

(6) "Conviction" means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.

(7) "Primary offense" is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.

(8) "Additional offense" is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level. Misdemeanors are scored at level "M" regardless of degree.

(9) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration and sexual contact points will be scored as follows. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored in addition to any points scored for the sexual penetration or sexual penetration.

Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury shall not be scored for an offense for which the offender has not been convicted.

Victim injury resultant from one or more capital felonies before the court for sentencing is not to be included upon any scoresheet prepared for non-capital felonies also pending before the court for sentencing. This in no way prohibits the scoring of victim injury as a result from the non-capital felonies before the court for sentencing.

(10) Unless specifically provided otherwise by statute, attempts, conspiracies, and solicitations are indicated in the space provided on the guidelines score-

Case 3:16-cv-00089-WTH-PRL Document 1 Filed 11/28/16 Page 30 of 32 PageID 30

sheet and are scored at one severity level below the completed offense.

Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 1 and 2 are to be scored as misdemeanors. Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 3, 4, 5, 6, 7, 8, 9, and 10 are to be scored as felonies one offense level beneath the incomplete or inchoate offense.

(11) An increase in offense severity level may result from a reclassification of felony degrees pursuant to sections 775.0845, 775.087, 775.0875, or 794.023. Any such increase should be indicated in the space provided on the sentencing guidelines scoresheet.

(12) A single assessment of thirty prior serious felony points is added if the offender has a primary offense or any additional offense ranked in level 8, 9, or 10 and one or more prior serious felonies. A "prior serious felony" is an offense in the offender's prior record ranked in level 8, 9, or 10 and for which the offender is serving a sentence of confinement, supervision or other sanction or for which the offender's date of release from confinement, supervision or other sanction, whichever is later is within 3 years before the date the primary offense or any additional offenses were committed. Out of state convictions wherein the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 are to be considered prior serious felonies.

(13) If the offender has one or more prior capital felonies, points shall be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense. Out-of-state convictions wherein the analogous or parallel Florida offenses are capital offenses are to be considered capital offenses for purposes of operation of this section.

(14) "Total offense score" is the sum of the sentence points for primary offense, any additional offenses and victim injury.

(15) "Prior record" refers to any conviction for an offense committed by the offender prior to the commission of the primary offense, excluding any additional offenses pending before the court for sentencing. Prior record shall include convictions for offenses committed by the offender as an adult or as a juvenile, convictions by federal, out of state, military, or foreign courts and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out of state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.

(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.

(B) Juvenile dispositions of offenses committed by the offender within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the offender more than 3 years prior to the date of the primary offense are to be scored as prior record if the offender has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of commission of the primary offense.

(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction are not scored. Criminal history records expunged or sealed under section 943.058 or other provisions of law, including former sections 893.14 and 901.33, are scored as prior record where the offender whose record has been expunged or sealed is before the court for sentencing.

(D) Any uncertainty in the scoring of the offender's prior record shall be resolved in favor of the offender and disagreement as to the propriety of scoring specific entries in the prior record shall be resolved by the sentencing judge.

(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.

(16) "Legal status points" are assessed when an offender:

(A) Escapes from incarceration;

(B) Flees to avoid prosecution;

(C) Fails to appear for a criminal proceeding;

(D) Violates any condition of a supersedeas bond;

(E) Is incarcerated;

(F) Is under any form of a pretrial intervention or diversion program; or

(G) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.

(17) Community sanction violation points occur when the offender is found to have violated a condition of:

(A) Probation;

(B) Community Control; or

(C) Pretrial Intervention or diversion.

Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.

(18) "Total prior record score" is the sum of all sentence points for prior record.

(19) Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6). Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3) while having in his or her possession a semiautomatic firearm as defined in subsection 775.087(3) or a machine gun as defined in subsection 790.001(9). Only one assessment of either 18 or 25 points shall apply.

(20) "Subtotal sentence points" are the sum of the total offense score, the total prior record score, any legal status points, community sanction points, prior serious felony points, prior capital felony points or points for possession of a firearm or semiautomatic weapon.

(21) If the primary offense is drug trafficking under section 893.135 ranked in offense severity level 7 or 8, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.

(22) If the primary offense is a violation of the Law Enforcement Protection Act under subsection 775.0823(2), the subtotal sentence points are multiplied by a factor of 2.5. If the primary offense is a violation of subsection 775.0823(3), (4), (5), (6), (7), or (8) the subtotal sentence points are multiplied by a factor of 2.0. If the primary offense is a violation of

the Law Enforcement Protection Act under subsection 775.0823(9) or (10) or section 784.07(3) or section 775.0875(1), the subtotal sentence points are multiplied by a factor of 1.5.

(23) If the primary offense is grand theft of the third degree of a motor vehicle and the offender's prior record includes three or more grand thefts of the third degree of a motor vehicle, the subtotal sentence points are multiplied by 1.5.

(24) If the offender is found to be a member of a criminal street gang pursuant to section 874.04, at the time of the commission of the primary offense, the subtotal sentence points are multiplied by 1.5.

(25) If the primary offense is determined to be a crime of domestic violence as defined in section 741.28 and to have been committed in the presence of a child who is related by blood or marriage to the victim or perpetrator and who is under the age of 16, the subtotal sentence points are multiplied, at the discretion of the court, by 1.5.

(26) "Total sentence points" are the subtotal sentence points or the enhanced subtotal sentence points.

(27) "Presumptive sentence" is determined by the total sentence points. A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose recommended sentence is any nonstate prison sanction may be sentenced to community control or a term of incarceration not to exceed 22 months. A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.

In all other cases, if the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. The court may impose any nonstate prison sanction authorized by law, including community control. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15% to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.

A state prison sentence is calculated by deducting 28 points from the total sentence points where total sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25% at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state

prison sentence. The sentence imposed must be entered on the scoresheet.

If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.

(28) If the recommended sentence under the sentencing guidelines exceeds the maximum sentence authorized for the pending felony offenses, the guidelines sentence must be imposed, absent a departure. Such downward departure must be equal to or less than the maximum sentence authorized by section 775.082.

(29) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.

(30) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25%, a state prison sentence where the total sentence points are equal to or less than 40, or a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.

(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.

(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines score-

sheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).

(31) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.

If a split sentence is imposed, the incarcerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.

(32) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.

Added Sept. 21, 1995, effective Oct. 1, 1995 (660 So.2d 1374). Amended Sept. 26, 1996, effective Oct. 1, 1996 (685 So.2d 1213); June 26, 1997, eff. July 1, 1997 and Oct. 1, 1997 (696 So.2d 1171).

## Committee Notes

**1996 Amendments.**

(a) This portion was amended to show that the earliest offense date to which this rule applies is October 1, 1995 and that all subsequent changes are incorporated. It is intended that Committee Notes will be used to indicate effective dates of changes.

(c) This amendment applies to offenses committed on or after October 1, 1996.

(d)(9) The 1996 Legislature created two crimes for which sexual penetration or sexual contact points are not scored. That exception applies to offenses committed on or after October 1, 1996 pursuant to section 872.06, Florida Statutes or section 944.35(3)(b)2, Florida Statutes.

(d)(12) The amendment applies to offenses committed on or after October 1, 1996.

(d)(13) The amendment applies on or after October 1, 1996.

(d)(17) This amendment, which applies on or after October 1, 1996, clarifies when points may be assessed for multiple violations. It also incorporates legislative changes that indicate that multiple assessments may not be made for multiple counts of community sanction violations.

(d)(24) The amendment applies to crimes committed on or after October 1, 1996.

**1997 Amendments.**

(d)(25) The amendment applies to crimes committed on or after October 1, 1997.

## Rule 3.704. The Criminal Punishment Code

(a) **Use.** This rule is to be used in conjunction with the forms located at rule 3.992. This rule implements

398